## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) | |
| 1718 Connecticut Ave., NW | ) | |
| Suite 200 | ) | |
| Washington, DC 20009 | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | Civil Action No. _____ |
| CENTRAL INTELLIGENCE AGENCY | ) | |
| Washington, DC 20505 | ) | |
|  | ) | |
| Defendant | ) | |
|  | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the Central Intelligence Agency ("CIA").

2.     This lawsuit challenges the failure of the CIA to disclose documents in response to EPIC's March 28, 2012 Freedom of Information Act request ("EPIC's FOIA Request"). EPIC's FOIA Request sought agency records concerning an investigation conducted by the CIA's Inspector General ("CIA IG Investigation"). Defendant has failed to comply with statutory deadlines and has failed to disclose a single record. EPIC asks the Court to order immediate disclosure of all responsive records.

## Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(C)(i) (2012). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2012). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2012).

## Parties

4.     Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. Established in 1994, EPIC's conducts oversight of Government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a popular Internet site, http://www.epic.org, which contains extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public through its website and other media outlets. EPIC is a representative of the news media. *EPIC v. Dep't of Defense*, 241 F. Supp. 2d. 5 (D.D.C. 2003).

5.     Defendant CIA is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The CIA is headquartered in Langley, Virginia.

## FACTS
## CIA Inspector General's Investigation

6.     Beginning in 2011, a series of investigative articles by the Associated Press revealed that the New York Police Department ("NYPD") had conducted surveillance of Muslims and persons of Arab descent in New York, New Jersey, and elsewhere.

7.      This surveillance included photographing members of the Muslim community as they entered mosques, infiltrating Muslim student groups, and conducting surveillance of Muslim stores and businesses.

8.      In a press conference in August 25, 2011, New York City Police Commissioner Raymond Kelly confirmed that the NYPD collaborated with the CIA and that a CIA officer had worked in NYPD headquarters.

9.      At the same press conference, CIA spokesperson Jennifer Youngblood confirmed that the agency had worked with the NYPD regarding the investigation of Muslims..

10.     In December 2011, several news organizations reported that the CIA Inspector General was conducting an investigation into the legality of the Agency's collaboration with NYPD.

11.     CIA spokesperson Preston Golson acknowledged the existence of the Inspector General's investigation. He stated that, at the conclusion of the investigation, the agency's Inspector General concluded that no laws had been broken and there was "no evidence that any part of the agency's support to the NYPD constituted 'domestic spying.'"

12.     On January 26, 2012, the Associate Press reported that, as a result of the Inspector General's investigation, the CIA officer posted at the NYPD would be leaving.

## PROCEDURAL HISTORY
## EPIC Submitted a FOIA Request to the CIA Regarding the Inspector General's 2011 Investigation Regarding the CIA's collaboration with the NYPD

13.     Paragraphs 1-12 above are hereby incorporated by reference as if set forth fully herein.

14.     On March 28, 2012, EPIC transmitted, via certified mail, a FOIA request to the CIA's Office of the Inspector General for agency records ("Request").

15. The Request asked for the following agency records:

"1) All documents related to the CIA Inspector General's investigation regarding the agency's collaboration with NYPD;

2) All legal analyses conducted by the CIA Inspector General's office regarding the CIA's collaboration with the NYPD;

3) All final reports issued as a result of the CIA Inspector General's investigation;

4) Any communications between the CIA Inspector General's office and the NYPD regarding the agency's collaboration with the NYPD."

16.     In the EPIC FOIA Request, EPIC asked the CIA to expedite its response to the Request because EPIC is primarily engaged in disseminating information and the request pertained to a matter about which there was an urgency to inform the public about an actual or alleged government activity. 5 U.S.C. § 552(a)(6)(E)(v)(II). EPIC based its request for expedited processing on (1) the public's urgent need to obtain information about the extent of the CIA's involvement in this surveillance program and (2) the degree of oversight the CIA Inspector General's office exercised while the CIA collaborated with the NYPD. To illustrate the public's urgent interest in the subject matter, EPIC cited extensive news coverage, public protests, Congressional investigation, and statements made by the Attorney General Eric Holder.

17.     In the EPIC FOIA Request, EPIC also requested "News Media" fee status under the FOIA based on its status as a "representative of the news media."

18.     EPIC further requested waiver of all duplication fees because disclosure of the records requested in EPIC's FOIA request will contribute significantly to public understanding of the operations or activities of the Government.

**CIA Failed to Make a Timely Determination Regarding EPIC's FOIA Request**

19.     Paragraphs 1-18 above are hereby incorporated by reference as if set forth fully herein.

20.     On May 15, 2012, the CIA acknowledged receipt of EPIC's Request, received by the agency on April 9, 2012.

21.     The CIA assigned EPIC's Request the file number F-2012-01071.

22.     The CIA denied EPIC's request for expedited processing, claiming that EPIC did not demonstrate a "compelling need" under 5 U.S.C. § 552(a)(6)(E).

23.     The CIA granted EPIC's request for a fee waiver.

24.     With respect to Categories 1 and 3 in the EPIC FOIA Request, the CIA stated: "We have a substantial backlog [from other requesters], which we are working diligently to reduce. However, we will notify you once the processing of the original requests are complete." The agency made no determination regarding the substance of EPIC's document request.

25.     With respect to Categories 2 and 4 in the EPIC FOIA Request, the CIA stated simply that: "To the extent that your request seeks information that is subject to the FOIA, we accept your request, and we will process it in accordance with the FOIA, 5 U.S.C. § 552, as amended." The agency made no determination regarding the substance of EPIC's document request.

26.     Through the date of this pleading, CIA has not disclosed a single agency record in response to EPIC's Request.

### EPIC Has Exhausted its Administrative Remedies

27.     Paragraphs 1-26 above are hereby incorporated by reference as if set forth fully herein.

28.     On May 25, 2012, EPIC transmitted, via certified mail, an administrative appeal to the CIA Inspector General's Office ("EPIC's Administrative Appeal").

29.     EPIC's Administrative Appeal challenged the CIA's failure to disclose records in possession of the agency as required by the Act, 5 U.S.C. § 552(A)(3)(A), and to make a timely determination regarding EPIC's FOIA Request, as also required by the Act, 5 U.S.C. § 552(a)(6)(A).

30.     On June 6, 2012, the CIA transmitted, via certified mail, an acknowledgment of EPIC's Administrative Appeal. The CIA made no determinations on EPIC's Administrative Appeal but stated that "[EPIC] will be advised of the determinations made."

31.     As of November 30, 2012, the CIA had clearly failed to make a determination within twenty days after receipt of EPIC's Administrative Appeal as required. 5 U.S.C. § 552(a)(6)(A)(ii) (2012).

32.     CIA's failure to respond within the twenty-day statutory limit constitutes a constructive denial of EPIC's Administrative Appeal.

## Count I
## Violation of FOIA: Failure to Comply With Statutory Deadlines

33.     Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34.     As described above, Defendant CIA's failure to respond to EPIC's Requests violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 5 U.S.C. § 552 (a)(6)(A)(ii).

35.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

36. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Count II
## Violation of FOIA: Unlawful Withholding of Agency Records

37. Paragraphs 1-36 above are hereby incorporated by reference as if set forth fully herein.

38. As described above, the CIA has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

39. As a result of CIA's unlawful delay and failure to conduct a reasonable search, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

40. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

41. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant to conduct a reasonable search for all responsive records;

B. order Defendant to promptly disclose to Plaintiff responsive agency records;

C. order Defendant to grant Plaintiff's request for expedited processing;

D. award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2012); and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By:_____

Ginger P. McCall (DC Bar # 1001104)
Marc Rotenberg, Esquire (DC Bar # 422825)
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated:  December 20, 2012